# Howison v. Jackson.

# Jackson v. Howison.

### *Bill to Enforce Specific Performance of Contract.*

1. *Condition in contract; should be enforced when.*—Where a bill is brought for specific performance, and it appears from the bill that the contract sought to be enforced contained a clause that the contract should be void if the defendants failed to purchase other lands from a third party, the condition is one which affects the obligation to sell as well as the obligation to buy; and if the defendants failed to make the purchase provided for they could not be compelled by bill in equity to specifically perform the contract, and a demurrer to the bill would lie; and it is immaterial that they made an agreement to purchase the other lands with the view of completing their contract of purchase with the complainant, since there is a wide difference between an actual purchase of lands and a mere agreement to purchase, and such agreement would not show the happening of the contingency necessary to bind the defendants to buy the complainant's lands.

APPEAL from Chilton Chancery Court.

Heard before Hon. J. R. DOWDELL.

The bill of complaint in this cause was brought by Allen P. Howison against E. E. Jackson and W. H. Jackson to enforce the specific performance of a contract. The bill was amended, and to it as amended a demurrer was interposed. The demurrer was overruled. The fourth plea set up that the defendants never did purchase the lands of the Alabama Mineral Land Company, not being able to make any satisfactory contract with said company, of which the plaintiff was duly notified. The other facts are stated in the opinion.

WATTS, TROY & CAFFEY, for appellant.—(1). The law requires good faith on the part of parties to a contract. Jackson could not avoid his contract by wilfully refus-

ing to negotiate with the Alabama Min. Land Co., *Skidmore v. Eikenberry,* 53 Iowa 621.

(2). A party to a contract cannot take advantage of the non-performance of a condition when he prevents the performance.—*Gallagher v. Nichols,* 60 N. Y. 438; *Goodwin v. Holbrook,* 4 Wend. 377; *Majors v. Hickman,* 2 Bibb 217; *Day v. Dick,* 24 A. D. 137; *Jones v. Walker,* 56 A. D. 557; *Whitney v. Murphy,* 34 Ala. 155.

GUNTER & GUNTER, *contra.*—Where there is any condition it must be performed, and the contract must be absolute and certain before it can be enforced.—Pom. on Spec. Per., § 574; 3 Pom. Eq., § 1404.

SHARPE, J.—The bill seeks specific performance of a contract looking to the sale of lands and timber rights by the complainant, named as the party of the first part, to the defendants who are called parties of the second part. Two written agreements enter into the contract, one dated August 19th, 1892, and the other dated the 29th day of the same month, the latter of which, by its terms, is styled a supplemental agreement and makes changes and modifications of the first as are here noted. By the first agreement the complainant reserving the right to annul the contract within eight days, subject to that reservation agrees to sell the defendants upon speci fied terms all timbered lands and timber rights owned by him within a' specified area "to be located by land numbers and acreage determined within ninety days by either of the principals or their agents" and to execute warranty deeds to the lands and a "timber rights deed" to the timber rights, and it was provided that complainant should have one year within which to perfect title to such lands as he might have a claim to within ninety days. It contained the following clause: "And it is fur ther agreed that in the event said parties of the second part shall fail to purchase the lands from the Alabama Mineral Land Company, this contract shall be null and void."

The supplemental agreement provides that the defendants "are to purchase under the terms of the original

agreement all the timber lands and timber rights that the said Howison has a perfect title to at the date hereof and also all the timber lands and timber rights he may have a claim on or to of any character either verbal or written at the date hereof." It required complainants to furnish defendants with a description by government numbers of the land and timber rights and to deliver a warranty deed to same by November 19th, 1892, and allowed him one year within which to perfect his titles. It also provided that "This supplemental contract is not to affect said original contract in any way except the last part thereof in words and figures viz: 'It is further agreed that the party of the first part shall have one year from the date of this agreement to perfect titles to such lands as he may have a claim on within ninety (90) days from the date of this agreement but not in such shapes that he can convey fully at this time,' which said clause in said original contract is hereby annulled and held for naught by this supplemental contract. And it is further agreed that the parties of the second part are to accept or annul said original and supplemental contracts within twenty days from date hereof."

There is neither ambiguity nor obscurity in the clause quoted from the original agreement which declares the contract void in the event of defendants' failure to purchase lands from the Alabama Mineral Land Company, and there is nothing elsewhere in that writing to indicate an intention of the parties other than is expressed in that clause. Neither is there anything to show that defendants were under any duty to make the purchase of the Land Company. It is therefore plain that under the original agreement the making of that purchase was an event which must have happened in order to fix any obligation upon the defendants to buy of the complainant.

In the supplemental agreement no direct reference is made to this feature of the original, but by it the entire original is expressly preserved in force except as to inconsistent provisions, and also excepting the clause relating to future acquisition of lands by the complainant.

Whether the contract be looked to alone or in connec tion with the extrinsic facts relating to the situation of the parties as averred in the fourth plea, it does not ap pear that the provision in question was intended to be eliminated by the clause giving the defendants the option to accept or annul the contract as changed within twenty days. It is the contract in its modified form and not the property, which the parties have agreed should be accepted or annulled within twenty days, and that provision is not inconsistent with the continued exist-ence of the one respecting the purchase from the Land Company. It is unimportant that the reason for making that purchase a condition to the sale and purchase from the complainant is not shown. The condition is one which affected the obligation to sell as well as the obli-gation to buy, and to account for its insertion and reten tion in the contract, it is enough to assume that the com-plainant did not choose to sell his property, or that the defendants did not wish to buy it unless the lands of the company were also bought.

In the last agreement no expression is made, and no change of situation is disclosed, indicating that the con-dition was no longer desirable to be retained. On the contrary such an inference is repelled by the expressed disclaimer of intention not to affect the original agree-ment except in other named particulars.

There is a wide difference between an actual purchase of lands and a mere agreement to purchase them. The allegation of the bill that the defendants made an agree-ment with the Land Company for the purchase of its lands and afterwards refused to carry it out, does not show the happening of the contingency necessary to bind the defendants to buy the complainant's lands. Nor does it attribute any fault to the defendants respecting their obligation to the complainant. As to him, the purchase from the company was by the contract left optional with the defendants, and the cause of its abandonment is im-material.

It follows that the demurrer to the bill should have been sustained. It also follows that there was no error in sustaining the fourth plea, though the proper disposi-

tion of the demurrer would have made pleas unnecessary.

In view of our construction of the contract, it seems unimportant to consider other assignments of error.

In the case of *Howison v. Jackson et al.* the decree sustaining the plea numbered four will be affirmed.

In the case of *Jackson et al. v. Howison* the decree overruling the demurrer to the bill will be reversed and a decree here rendered sustaining the demurrer and allowing thirty days within which the bill may be amended.